UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:15-cr-236-T-33MAP

RICARDO ANTONIO GALLARDO
GARCIA

_____/

**ORDER**

This matter comes before the Court pursuant to Ricardo Antonio Gallardo Garcia's Motion to Enter an Order Correcting Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 (Doc. # 41), filed on January 26, 2017. The Government filed a response (Doc. # 43) on February 7, 2017. For the reasons that follow, the Court denies the Motion.

**Discussion**

On July 14, 2015, Gallardo Garcia pled guilty to immigration document fraud, in violation of 18 U.S.C. § 1546(a). (Doc. ## 19, 24). Subsequently, on November 12, 2015, the Court sentenced Gallardo Garcia to twenty-seven months imprisonment, followed by thirty-six months of supervised release. (Doc. ## 35-36).

1

According to Gallardo Garcia, the D. Ray James Correction Facility, at which he is incarcerated, is awarding Gallardo Garcia "jail credit from the date of his sentencing on November 12, 2015, and not the date of his original arrest on May 28, 2015." (Doc. # 41 at ¶ 3). Gallardo Garcia requests that the Court "grant him credit from the date of his original arrest" and "enter an Order correcting the clerical error for the omission of credit for time previously served, in the amount of 167 days." (Id. at ¶ 4).

The Government responds that there is no legal basis for the Court to grant Gallardo Garcia credit for time served. The Eleventh Circuit has said that "[a]uthority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010)(citing United States v. Wilson, 503 U.S. 329, 334 (1992)); see also United States v. Anderson, 517 F. App'x 772, 776 (11th Cir. 2013)("[T]he district court was not authorized to calculate a sentence-credit award, as such authority is vested in the Attorney General, through the [Bureau of Prisons]. Moreover, even if the court could have granted Anderson's request, there is no indication that Anderson exhausted his administrative remedies with the BOP." (citations omitted)).

2

This Court's "failure to do something she was forbidden from doing was not an 'error' — clerical or otherwise — that can be 'corrected' via Rule 36." <u>United States v. McKenzie</u>, 637 F. App'x 447, 447 (9th Cir. 2016)(noting that Rule 36 is not the proper mechanism for asserting a defendant's right to a time served credit). Therefore, Gallardo Garcia's Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Ricardo Antonio Gallardo Garcia's Motion to Enter an Order Correcting Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 (Doc. # 41) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u> day of February, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE